# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Dr. Tamiera Harris Griffin,

                        Plaintiff(s),

vs.

Linda Reade, et al.,

                        Defendant(s).

Case No. 2:24-cv-01671-APG-MDC

**ORDER DENYING THE IFP APPLICATION WITHOUT PREJUDICE, WITH LEAVE TO REFILE (ECF NO. 1) AND <u>ORDER TO SHOW CAUSE</u> REGARDING WHETHER THE CLAIMS IN THE PROPOSED COMPLAINT BELONG TO A BUSINESS ENTITY OR AN INDIVIDUAL**

      Dr. Tamiera Harris Griffin ("Griffin" or "Plaintiff") is the only named plaintiff in this case. See ECF Nos. 1 and 1-2. However, it appears that the complaint may allege claims that belong to an entity owned or controlled by Griffin. ECF No. 1-2. A public records search shows that plaintiff owns multiple fictitious companies, including Beauty CEO LLC, which has a business address matching the address of the beauty salon at issue. The Court DENIES Griffin's *In Forma Pauperis Application* ("IFP application"). ECF No. 1. The Court also orders Griffin to SHOW CAUSE IN WRITING which: (1) identifies whether Beauty CEO, LLC was a party to the lease agreements at issue, the operation of the business at issue, and the employment of defendant Velvet Fontenette; and (2) explains how Griffin has standing or the right as an individual to bring claims asserted in the proposed complaint. ECF No. 1-2.

## I. LEGAL STANDARD

      Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay

those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. See e.g. *Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 U.S. Dist. LEXIS 180259, 2016 WL 7493963 (D. Nev. Dec. 30, 2016). If the court grants an IFP application, proceed in forma pauperis, the court must additionally screen a complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to

state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. See § 1915(e)(2).

The United States Supreme Court has found that only natural persons could proceed in forma pauperis. *Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993). The Court acknowledged that "the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland*, 506 U.S. at 202 (citations omitted); see also *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him . . . [and he] has no authority to appear as an attorney for others than himself.")(internal citations and quotations omitted).

## II.  ANALYSIS

Looking first at plaintiff's IFP application, the application is incomplete and has some discrepancies. The Court cannot determine whether plaintiff qualifies to proceed IFP at this time. Plaintiff states that she receives public assistance and is currently unemployed, but a public records search shows that plaintiff owns multiple limited liability companies, which matches the allegations in her complaint wherein she calls herself a business investor. Plaintiff omits her ownership of businesses in her IFP application which asks plaintiff if she owns any assets. See ECF No. 1 at 3 (which asks if she owns other assets, wherein she lists "0"). The public records search also shows that she owned and operated Beauty CEO, LLC, which business address is the same address of the salon at issue in Plaintiff's complaint.   Plaintiff does not identify and discuss Beauty CEO, LLC in her IFP application.

Public records show that Plaintiff has bought and sold multiple properties in the last few years, and that she currently owns two properties in two different states, including a property worth almost $400,000 in Florida. Plaintiff states in her IFP application, however, that she owns her home (without providing the address) which she states is worth $65,000, but she omits her ownership of the second

Florida property. *Id.* She also states that she does not have a mortgage with minimal bills. She states that she has spent $1,500 on attorney's fees in conjunction with this lawsuit. *Id.* at 5. The Court denies her IFP application. If she chooses to refile, she must again use the Long Form, and she must explain the discrepancies identified by the Court. Given that Plaintiff states she has spent $1,500 on attorney's fees in this case, Plaintiff should also inform the Court whether an attorney helped her prepare her proposed complaint.

The Court declines to screen her complaint at this time, but the Court takes a preliminary look at the complaint which is a breach of contract case (among other claims) against her former landlords and a stylist who worked for plaintiff's company. Again, public records show that Plaintiff owned and operated Beauty CEO, LLC, with the same business address as the salon at issue, which suggest that the proper party maybe Beauty CEO, LLC and not the Plaintiff individually. Plaintiff, however, does not discuss Beauty CEO, LLC or explain how she, as an individual, has standing to bring claims on behalf of a company. Even if Plaintiff added the now default company as a co-plaintiff, she would not be allowed to bring claims on behalf of a company without an attorney because a "corporation cannot proceed pro se[.]" *Associated Bus. Tel. Sys. Corp. v. Cohn*, 1996 U.S. App. LEXIS 20215, *1. As Plaintiff is not a licensed attorney, she cannot bring claims on behalf of an entity.

**IT IS ORDERED that:**

1. Plaintiff Dr. Tamiera Harris Griffin's *Application to Proceed In Forma Pauperis* (ECF No. 1) is DENIED without prejudice.
2. By October 25, 2024, plaintiff must:
   a. File a long-form IFP application OR pay the full $405 filing fee; and
   b. SHOW CAUSE IN WRITING which: (1) identifies whether Beauty CEO, LLC was a party to the lease agreements at issue, the operation of the business at issue, and the employment of defendant Velvet Fontenette; and (2) explains how Griffin

has standing or the right as an individual to bring claims asserted in the proposed complaint.

3. Failure to timely comply with this Order may result in a recommendation that this case be dismissed with prejudice.

4. The Clerk of the Court is directed NOT to issue summons. The Court will issue a screening order on the complaint after plaintiff either files a new IFP or pays the filing fee. See 28 U.S.C. § 1915(e)(2).

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED September 26, 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge